Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7209 | DATE | 07/14/2003 |
| CASE TITLE | Gray v. DeGussa et. al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Stay (doc. # 7)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] . Enter Memorandum Opinion and Order. For the attached reasons, Defendant's Motion to Stay the litigation, pending the resolution of parallel proceedings in state court, is GRANTED. Status hearing set for 10/15/03 at 10:00 a.m.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 15 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VALERIE GRAY, Individually and as Independent )
Administrator of the ESTATE OF WILLIAM GRAY, )
Deceased. )
)
)
                Plaintiff, )   No. 02 C 7209
)
v. )   The Honorable William J. Hibbler
)
DEGUSSA CORP., an Alabama Corporation, CREANOVA )
INC., a Delaware Corporation, f/k/a HULS AMERICA, INC., )
a Delaware Corporation, and SIVENTO, INC., an Alabama )
Corporation. )
)
                Defendants. )

**DOCKETED**
JUL 1 5 2003

## MEMORANDUM OPINION AND ORDER

Valerie Gray sued Degussa Corporation, Creanova, Inc. (formerly known as Huls America, Inc.) and Sivento, Inc., raising a host of claims arising from an industrial accident that killed her husband. Gray alleges that the Defendants are liable under theories of strict liability, negligence and willful and wanton conduct under the Illinois Family Expense Act, 750 ILCS 65/15, the Illinois Survival Act, 755 ILCS 5/27-6, and the Illinois Wrongful Death Act, 740 ILCS 180. Gray had previously brought suit against the Defendants in the Circuit Court of Cook County, Illinois, creating quite the procedural mess. Defendants move to stay federal proceedings until Gray's lawsuit in state court has been resolved. For the following reasons, the Court GRANTS Defendants' motion to stay.

### I. Factual Background

1

19

The basis for Gray's lawsuit is the unfortunate death of her husband. He died from severe burns caused when a vapor-filled, 55-gallon drum of Chem-Trete BSM 20, manufactured by one of the Defendants (which are all related corporate entities) exploded. The accident occurred in 1995 and Gray first brought her claims before the Circuit Court of Cook County, Illinois in 1997. Over the course of the next four years, Gray amended her state-court complaint four times. By the time the state-court complaint had been amended for the third time, it closely resembled the complaint Gray filed in this Court, containing claims for negligence, strict liability, and willful and wanton conduct under three Illinois statutes: (1) the Illinois Family Expense Act, 750 ILCS 65/15, (2) the Illinois Survival Act, 755 ILCS 5/27-6, and (3) the Illinois Wrongful Death Act, 740 ILCS 180.

Here is where the procedural mess begins. Gray's third-amended, state-court complaint also sought punitive damages on the willful and wanton conduct counts. But Illinois requires that a plaintiff obtain leave from the court before seeking punitive damages, which Gray had not done. 735 ILCS 5/2-604.1. Gray claims that she "erroneously" included the punitive damages claims in her third-amended, state-court complaint. Shortly after noticing her error, Gray moved for an order from the state court to allow the punitive damages counts to stand. After some amendments to the motion, the state court ordered Gray to file her fourth-amended complaint. On September 24, 2001, Gray did so and omitted the claim for punitive damages, but otherwise retained the allegations of the third-amended complaint. On September 28, 2001, the state court held a hearing on Gray's previously filed motion for leave to seek punitive damages. At the outset of that hearing, Gray's counsel opened by stating "Judge, we have a motion to compel discovery for rulings on objections prior to ruling on punitive damages." The parties then

proceeded to argue the merits of the motion. After the parties had concluded arguing (and it appeared that the state court judge had not bought into Gray's theory regarding the availability of punitive damages), Gray's counsel stated that he was withdrawing the motion for leave to seek punitive damages. The state court judge, however, stated that he was "ruling on the motion. It's been here. It's been here for weeks. I don't want to see it pop up again." The state court then entered an order holding that "for the reasons stated in open court and transcribed, Plaintiff's [Gray's] motion to plead punitive damages is denied with prejudice." After this adverse ruling, Gray requested that the state trial court certify its ruling regarding punitive damages for immediate appeal, which it declined to do.

On October 10, 2001, Gray asked the state court to vacate the order denying her leave to seek punitive damages. According to Gray, the filing of the fourth-amended complaint had mooted the motion for leave to seek punitive damages, since the fourth-amended complaint did not seek punitive damages. The state court rejected Gray's argument, holding that "to try to withdraw it midstream when you [counsel] knew how I was going to rule . . . is [not] appropriate." Gray then voluntarily dismissed the suit and filed in order to immediately appeal an otherwise non-appealable order, seeking among other things reversal of the state trial court's ruling on punitive damages.

Roughly a year later, Gray filed her complaint in this Court on October 8, 2002, containing essentially the same allegations raised in her third-amended and fourth-amended complaints before the state court. Gray's federal complaint seeks punitive damages, as did her third amended state court complaint. Defendants move to stay federal proceedings until the outstanding appeals in state court have been resolved.

## II. Analysis

Federal courts may stay proceedings when state court proceedings are parallel. *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002); *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) ("A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion. It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion"); *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). A suit is parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990). However, because federal courts have an obligation to exercise jurisdiction, federal courts should abstain only in exceptional circumstances. *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 517 (7th Cir. 2001); *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999). The United States Supreme Court has enunciated several factors to consider in determining whether a federal court should grant a stay pending the outcome of parallel proceedings: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability to avoid piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; (10) the vexatious or contrived nature of the federal claim. *Colorado River Water Dist. v. United States*, 424 U.S. 800 (1976); *Moses Cone Hosp. v. Mercury Constr.*, 460 U.S. 1 (1983).

Here, the proceedings are in fact parallel. Gray raises essentially identical claims in her federal complaint as she raised in her state complaint. In many—if not most—instances, the paragraphs in her federal complaint are verbatim recitations of paragraphs in her state complaint. In other words, the parties are litigating substantially the same issues in separate fora. Gray argues that the lawsuits are not parallel because there is not a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. Gray bases her argument on her mistaken belief that, because she appealed only the state court's orders relating to punitive damages and adequacy of warnings, the state and federal lawsuits do not contain substantially the same issues. Gray's argument that the proceedings are not parallel is not convincing because it is not based upon the substance of the issues presented in the state and federal complaints, but rather upon drawing a false conclusion about the finality of the state lawsuit. Gray believes that because she voluntarily dismissed the fourth amended complaint in state court that the *only* issues remaining before the state court are the two issues that she appealed. But if the state court resolves the appeals in her favor, then her complaint in the state-court will proceed to a final adjudication on the merits of the nine claims contained in the third amended complaint against the Defendants (the same nine claims that are at issue here). If the state court resolves the appeals in favor of the Defendants, then the state court litigation will be concluded—for Gray chose to voluntarily dismiss the remainder of her claims in order to appeal two orders that otherwise would not have been immediately appealable. In either instance, at the conclusion of the state court litigation, the issues that are before this court will have been resolved. The state and federal cases are parallel because Gray raises the same claims in both courts—the substance

of all nine counts is identical—and once the state court has resolved the issues, there will be nothing left for the federal court to decide.

Having determined that the state and federal lawsuits are parallel, this Court must next weigh the factors outlined in *Colorado River* in deciding whether to grant the motion to stay. No factor supports denying the motion to stay and many factors strongly support granting the motion to stay. Gray's complaint in both courts is identical, and courts desire to avoid piecemeal litigation. Gray also began state court proceedings began in 1997—five years prior to the time she filed her federal lawsuit. The state court has already ruled on several substantive issues related to Gray's claim and clearly is farther along in its proceedings. Most importantly, Gray chose to file two suits, and thus supplied the strongest reason for a stay. *See Rogers*, 58 F.3d at 302 (plaintiff who filed separate suits in federal and state courts supplied reason for federal court to stay the federal litigation). In essence, Gray wants more than one bite at the apple, and thus the nature of the federal claim is vexatious and contrived. Throughout the history of her litigation, Gray has manipulated the rules of civil procedure and shown blatant disregard for the scarcity of judicial resources: (1) after arguing a motion on the merits and sensing an adverse ruling, she attempted to withdraw the motion in order to raise it again later; (2) she disregarded the rules disfavoring piecemeal appeals by voluntarily dismissing her state claims in order to appeal immediately an adverse ruling that otherwise was not immediately appealable; (3) she filed identical suits in both state and federal courts after the state court proceedings, filing the federal suit five years after the state suit had hit more than a few bumps in the road. Gray's repeated attempts to take end runs around basic principles of civil procedure not only created a procedural mess, but more importantly have been a colossal waste of judicial resources.

Accordingly, the Court finds that this is one of the "exceptional" situations under which abstention is appropriate.

III. Conclusion

For the foregoing reasons, the motion to stay is GRANTED.

IT IS SO ORDERED.

7/14/03
Dated

The Honorable William J. Hibbler
United States District Court