

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALERIE GRAY, Individually and as the Independent Administrator for the Estate of WILLIAM GRAY, Deceased, <br><br> Plaintiff <br><br> v. <br><br> DEGUSSA CORPORATION, CREANOVA, INC., HULS AMERICA, INC., AND SIVENTO INC., <br><br> Defendants. | No. 02 C 7209 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

The propensity of the parties to conduct this litigation in piecemeal fashion continues. Defendants, Degussa Corporation, Creanova, Inc., Huls America, Inc., and Sivento Inc. (collectively, Degussa) filed two motions to dismiss and a motion for partial summary judgment. For the reasons stated herein, the motions are DENIED.

### I. Factual Background and Procedural History

As noted in the Court's ruling on Degussa's motion to stay, the basis of this lawsuit is the unfortunate death of Plaintiff Valerie Gray's husband, who died from severe burns caused when a vapor-filled, 55-gallon drum of Chem-Trete BSM 20, manufactured by one of the Defendants, exploded. The accident occurred in 1995 and Gray first brought her claims before the Circuit Court of Cook County, Illinois in 1997. The state-court proceedings have been torturously tedious — Gray amended her state complaint many times, and ultimately voluntarily dismissed it in order to immediately appeal several of the state trial court's orders, among them, the state trial court's grant

1

of partial summary judgment in favor of DeGussa on Paragraphs 14a-14d, 13a-13e and 13g-13j of the second amended state complaint. In October 2002, while Gray's state-court appeal was pending, she filed this suit. This Court stayed the federal proceedings in order to let the state court proceedings run their course. In April 2004, the Illinois Appellate Court held that the state trial court erred in granting summary judgment on Paragraphs 14c, 14d, 13d and 13e of the state-court complaint. These motions followed.

## II. Motion to Dismiss Counts I-VI

DeGussa first moves to dismiss "portions of" Counts I-VI of Plaintiff's Complaint to the extent that they are based upon a violation of ANSI standards. DeGussa argues that Gray alleges in Counts I-VI that the warning label and the material data safety sheet (MDSS) for Chem-Tret BSM 20 were inadequate because the label and the MDSS failed to comply with various ANSI standards. According to DeGussa's logic, Gray therefore alleged that the violation of these ANSI standards is conclusive proof of liability and therefore those portions of her complaint should be dismissed because Illinois law does not hold that a violation of an ANSI standard is *per se* proof of liability.

But not only is DeGussa's logic twisted, but it also seems to misunderstand the purpose of a motion to dismiss. A motion to dismiss tests the legal sufficiency of a complaint. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). Dismissal of an action is only warranted if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter* 224 F.3d 607, 612 (7th Cir. 2000). Gray can do so, and a motion to dismiss is not the proper vehicle to object to certain paragraphs of Gray's complaint. If Gray's complaint contains information that is redundant, immaterial, impertinent, or scandalous, then DeGussa should have pursued a motion to strike those paragraphs under Fed. R. Civ. P. 12(f). A Rule 12(f) motion,

however, would have been futile. Illinois law allows a plaintiff to prove a strict liability claim by presenting proof that the defendant deviated from the industry standard, *Blue v. Envtl. Eng'g, Inc.*, 828 N.E.2d 1128, 1142 (Ill. 2005); *Anderson v. Hyster Corp.*, 385 N.E.2d 690 (1979), and it also allows a plaintiff to introduce evidence of industry standards to aid the trier of fact in determining the standard of care, *Demos v. Ferris-Shell Oil Corp.*, 740 N.E.2d 9, 19 (Ill. App. Ct. 2000). Gray pleads that DeGussa violated the industry standards, and therefore is liable for the death of her husband, and under Illinois law the *fact* that DeGussa violated industry standards is certainly relevant to both Gray's negligence and her strict liability claims. Nothing in Gray's complaint suggests that violation of the ANSI standards is *per se* proof of her negligence and strict liability claims. DeGussa's motion to dismiss Counts I-VI is DENIED.

### III. Motion to Dismiss Counts VII-IX

DeGussa next moves to dismiss Counts VII-IX arguing that punitive damages are not recoverable under the Survival Act, the Wrongful Death Act, and the Illinois Family Expense Act. Illinois law is clear that punitive damages are not recoverable under the Survival Act or the Wrongful Death Act. *Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1377 (Ill. 1986); *Wills v. DeKalb Area Retirement Center*, 530 N.E.2d 1066, 1071 (Ill. App. Ct. 1988); 755 ILCS 5/27-6; 740 ILCS 180/1 through 2.2. Nor will the Court construe the Family Expense Act, whose purpose is to protect creditors, as including a right to recover punitive damages. *North Shore Community Bank and Trust v. Kollar*, 710 N.E.2d 106 (Ill. App. Ct. 1999). Although Gray's prayers for relief in Counts VII-IX include a prayer only for punitive damages, each count includes paragraphs that reference actual damage claims resulting from the accident that killed her husband. Accordingly, the Court construes

those paragraphs to be part of Gray's prayer for relief. Gray's request for punitive damages is stricken and the Defendant's motion to dismiss Counts VII-IX is DENIED.

### IV. Motion for Partial Summary Judgment

Finally, DeGussa moves for partial summary judgment, arguing that *res judicata* bars most of Gray's claims. According to DeGussa, any claims other than those the state appellate court reinstated (specifically paragraphs 13d and 13e of Counts VII-IX and paragraphs 14c and 14d of counts IV-VI of the second amended state court complaint) are barred by *res judicata*.[1] DeGussa argues that Paragraphs 67a,c,e-h,j,l-n of Counts I-III of Gray's Complaint in this case are not the same as Paragraphs 14c and 14d of her second amended state complaint and that Paragraphs 73b,c, e-g,i,j,l-n of Counts IV-VI of Gray's complaint in this case are not the same as Paragraphs 13d and 13e of her second amended state complaint.[2]

Federal courts apply state law when their jurisdiction rests on diversity of citizenship (as is the case here) and the adjudication argued to have preclusive effect was issued by a state tribunal. *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 916 (7th Cir. 2005). *Res judicata*, or claim

---

[1] DeGussa's Local Rule 56.1 materials are sloppy, to say the least. Although DeGussa refers repeatedly to Gray's second amended state complaint as "Exhibit B," Exhibit B is Gray's Complaint in this case. Exhibit A is Gray's *fourth* amended state complaint. But DeGussa has not included Gray's second amended state complaint with its materials.

[2] *Res judicata* is often confused with *collateral estoppel*. *Res judicata*, or claim preclusion, bars a party from pursuing *claims* that have been previously rejected by another court. *Collateral estoppel*, or issue preclusion, prevents relitigation of issues that were necessary to a prior decision and that was resolved against it by a final and valid judgment. Although Gray's state court complaint contains three *counts* of strict liability (Counts IV-VI) and three *counts* of negligence (Counts VII-IX), each subparagraph within Paragraphs 13 and 14 of her fourth amended state complaint appear to assert an independent claim that DeGussa is liable under a theory of strict liability or negligence. Therefore, *res judicata* is the proper vehicle to contest the alleged relitigation of claims.

4

preclusion, requires: (1) a judgment on the merits in an earlier suit; (2) the same causes of action in both suits; and (3) the same parties in the present suit and the earlier suit. *Rein v. David A. Noyes & Co.*, 665 N.E.2d. 1199, 1205 (Ill. 1996). As *Rein* makes clear, *res judicata* bars "not only every matter that was actually determined in the first suit, but also every matter that *might* have been raised and determined in that suit." *Id.* (emphasis added). It therefore prevents a litigant from splitting a single cause of action into more than one proceeding by, for example, voluntarily dismissing one suit in order to immediately appeal an otherwise not-immediately appealable order and then refiling the same cause of action. *Id.* at 1206-1207.

The state-court history of this case is tortured and not entirely clear, making it impossible for the Court to rule upon DeGussa's summary judgment motion. Gray appears to have amended her state-court complaint four times. The state court, on September 12, 2000 granted summary judgment to DeGussa (then known as Huls America, Inc. and hereinafter "Degussa") on certain portions of Gray's second amended state complaint. Sometime after the state court granted partial summary judgment in favor of DeGussa, Gray filed a third amended state complaint. And in June 2001, she sought leave to plead punitive damages against DeGussa. When that motion was denied, Gray voluntarily dismissed the entire case in order to immediately appeal the summary judgment order in favor of DeGussa, the denial of her motion to plead punitive damages against DeGussa, and other orders made by the state trial court. The Illinois Appellate Court rejected most of Gray's arguments, but it did reverse the state trial court's grant of summary judgment in favor of DeGussa on Paragraphs 13d and 13e of Counts VII-IX and 14c and 14d of Counts IV-VI of her second amended state court complaint, and ordered them to be reinstated.

But litigation in the state court is ongoing, though neither party has specified under which complaint DeGussa proceeds. Perhaps she proceeds under some version of her second amended state court complaint, minus those paragraphs for which the state trial courts summary judgment and dismissal orders were upheld. Presumably, she does not proceed under a complaint that consists only of sub-paragraphs 13d, 13e, 14c, and 14d, which were the only sub-paragraphs explicitly mentioned as "reinstated" by the Illinois Appellate Court. Presumably, DeGussa also does not proceed under her third amended state court complaint, which she voluntarily dismissed in order to take an immediate appeal, or her fourth amended state court complaint, which she did not receive leave to file. Quite simply, the Court cannot make heads or tails of DeGussa's summary judgment materials and its *res judicata* argument fails because the Court is unable to determine precisely what remains pending in the state court. DeGussa's motion for partial summary judgment is DENIED. IT IS SO ORDERED.

1/6/06
Dated

The Honorable William J. Hibbler
United States District Court

6